The Honorable United States Court of Appeals for the First Circuit is now in session. All persons having any business before this Honorable Court may draw near, give their attendance and they shall be heard. God save the United States of America from this punishment. Okay please be seated. Court is in session. Today's cases will be called as previously announced and the times will be as allotted to counsel. The first case today is number 2-4, I'm sorry, today's case, first case today is number 2-5-1041. United States versus Miguel Gonzalez-Arocho. At this time would counsel to the United States please introduce himself on the record to begin. Thank you. May it please the court. Eric Fagan for the government. With the court's indulgence I'd like to reserve two minutes of my time for rebuttal please. You may. And you may proceed. Thank you Judge Helpe. This case, as the affiant testified at suppression hearing, the focus of the investigation was on a phone number. The officers did everything they could to identify the phone number. Shortly before obtaining the warrant and shortly before seizing the phone they obtained the records from T-Mobile and they basically had three or if you four points of identity for the phone. They had the phone number that they started with which was the focus of the investigation because that was what was used in the Viber chat where child pornography was exchanged. They knew that phone was registered to Miguel Gonzalez-Arocho. They knew that it was an iPhone and they thought that it was an iPhone 6s because that is what the... Counselor, I don't think anybody is disputing that they had reliable information at the point that they went to seize the telephone. But when they seized the telephone at some point they realized that that phone was not the phone and this is what the district court focused on. There was a lapse in time between seizure of the phone and then submission of the phone for search and that was the period that the lower court faulted the police for not getting a warrant during that time once they realized that the phone was a different phone and there was time to actually obtain a warrant. So if you could address that please. Sure, Your Honor. Let me give I think essentially four responses to that. Number one is just you know I don't want to quibble too much about the terminology but I don't think it's fair to say that the officers didn't realize that this wasn't the phone. They certainly realized later that day that they had an iPhone 13 not an iPhone 6s. But as I was getting to they had numerous points of identification. They knew by that time it was the right phone number. It was also an iPhone and it had been seized from Miguel not having it because then he wouldn't have a phone and that he had his lawyer's number on it indicating that it had the data on it. And I think the the judge as Your Honor just mentioned the only rationale the district court gave for not applying the good-faith exception to the exclusionary rule here was simply that the officers could have obtained a fresh warrant that said 13 instead of 6s. And I think that's wrong for three principal reasons. Number one is because the question is not whether they could have obtained another warrant. The question is whether it was reasonable to believe that the warrant they had covered it. And the second thing is I think it was it was certainly reasonable at the point that they seized the phone but why did it stay reasonable at the point they realized that the place to be searched was that the place to be searched? Well I think they didn't realize that because the focus of the investigation was on the phone. I think it's common knowledge and the magistrate judge said this and I don't really take it to be disputed that when you have a phone you tend to people when they get a new phone tend to move the data into the new phone. And I think this courts the second point I would say is that I think this court's precedents basically squarely are on all fours and are all on our side on this. You have cases that find no Fourth Amendment violation at all despite some inconsistency like Moss where you have the right tracking number but the wrong description for a package. Like Vega Figueroa which is a case in which the officers have a warrant for one apartment apartment in building 44 and they search I think build the same apartment in building 45. And then you have a couple of more recent cases Woodbury and Pimentel where officers unquestionably have a warrant. I mean Vega Figueroa by the way is a case where unquestionably they searched the absolute wrong apartment. Then you have more recent cases like Pimentel and Woodbury where the court applies the good-faith exception I think in circumstances very like this. Counsel can I just I read those cases and I understand your argument. I'm just trying to figure out how to apply them to technology. The warrant here was quite clear that it would you know defined the device and the device was a specific type of iPhone. And I think the Defense Council has raised an argument in the brief about if we were to rule in the government's favor here how broadly would our ruling go? So for instance you can't have multiple Apple devices. I'll just be honest and I'm not a technology expert but you can't have multiple Apple devices that have the same phone number. For instance an iPad and Apple watch can all be connected to the same number as an actual phone. So how broadly would your argument go? I mean that this was a warrant for a specific device an iPhone 6s. I'm getting the number and the letter correct. The police realized that is not what they've seized on the very same day. I mean it's written up in their notation of what they have in their possession. They don't get a warrant. So what if they had seized other devices with that phone number? Is it a combination? What is the combination of factors that you think makes it objectively reasonable for the agent here to say okay I don't have an iPhone 6s. I have a different iPhone. People can store things sort of on the hard drive version of those phones but I'm going to search this other phone anyway. So what are the factors that put together you think make it okay for the search here in this sort of different technology context? Sure. So first of all we're not asking for a very broad ruling at all. I think a ruling on the good faith exception would largely you know foreclose the case from setting much of a rule going forward. And also your honor I would note that for the same reason your honor may be having a little trouble translating the apartment cases to technology. I would submit that the officers would likewise have the same problem and I think that militates in favor of the good faith exception here. To answer your question about multiple devices what if they had found say an iPad answering to that phone. I don't think our argument has to reach that and I think the basic intuition here and it was backed up by things the defendant said during the interview is that when you have a a phone and it is your only phone as he had indicated that this was and you're worried about not having it because you're going to lose your contacts on it as he indicated he would be when he was worried about an inability to contact his lawyer. I think it is a very fair inference that this is essentially the same phone in different housing. I don't want to get too philosophical about when Theseus's ship stops being his ship because you keep replacing the wooden planks on it but I think essentially this was the physical manifestation of the phone number they were looking for. Another line your honor might draw just to cabin the precedential fact of this decision and you could consider some of these questions going forward if the need arises is that the focus of this investigation was the phone number you know you could imagine a case where for some reason the actual physical phone was for some reason relevant because you might believe it had some DNA or something. Again that's the sort of where my question was going if the focus was the phone number you could have multiple devices with the same phone number so I think it would be concerning to suggest that they could have seized an iPad with that phone number when the warrant was for a phone with the phone number. So again what are the factors that you think all put together make this this reasonable when they clearly know they have the wrong type of phone? Well your honor I do think what we're not arguing that had he had an iPad in his pocket somehow or in a backpack that we could have seized that. I knew that it was apparently his current phone that there was some indication that it had the same that he had data his current data on it there was an indication that he did not have another phone and I think all of those factors kind of taken together make this a very narrow case particularly if the court were to apply the good-faith exception. Again the only real difference here is the hardware type. I can see my my time has run out. One additional question regarding the good-faith exception. I understand from the briefs when the agents read Gonzalez Arrocho the Miranda rights and they had the phone which was seized which was the not the iPhone 6 was the other one but he gave consent to search that phone he gave him the password and he gave him some information yeah these sites are available through the phone. Am I correct in that? He did all we're relying on is the magistrate judge's finding which I take to be unchallenged and this is a pages 16 and 17 of the addendum. I'm asking beyond that that's it's part of the record wouldn't that go to the good-faith exception or maybe even consent because if he consented provides well passwords to that phone. There was a there was a finding below that by the district court that he did not consent to search the phone basically not you're not arguing we are not contesting that. I do believe your honor you can consider the interview that is part of the record the same way in Pimentel the court applied the good-faith exception after considering what the defendant told him in that case he said my shotguns are in the are in the upstairs apartment and in Pimentel and Woodbury just as in this case the court it could have been said that the officers could have gotten another warrant and so I just don't think the district court's rationale can be squared with this court's precedent. I thank you for the court's indulgence I realize I went a little over my time. Thank you.  At this time would counsel for the appellee please introduce himself on the record to begin. Good morning your honors. May it please the court I am AFP Vicerzo Perez arguing on behalf of Mr. Gonzalez and I'd just like to pick up on a few of the issues that were being discussed beginning with this idea that the focus of the investigation was not the phone. That's not an accurate description of the record. The investigation that gives rise to probable cause in this case comes from a very specific set of facts and that is that in the summer of 2021 a specific phone number with a Puerto Rico phone number is engaging with a chat room. The government proceeds to then ask T-Mobile for records of this phone number and it is written all over the search warrant and application affidavit that the search is for a specific device. Not only is it for a specific modeled. But I mean by your own statement just now you're saying that the suspicion arose with the number. Right your honor. It was only because of the number that you then go to try to figure out well from what device does this number emanate and so why is the government says shouldn't the focus be really on the phone number attached to whatever device. Because as Judge Rickleman was pointing out this is something that lacks particularity or I don't mean to put words in the judge's mouth but this is this kind of broad a phone number is not something that can be readily searched. What can be searched is the hardware device and the affidavit makes it clear that what the government is looking for is media that has been downloaded to a specific piece of hardware and not only. Counsel why though I'm trying to apply the apartment cases to here why wasn't it enough or why wasn't it objectively reasonable for an agent to decide I have a warrant for a device an Apple device that is a phone with this phone number and I have executed the warrant and I now have an Apple device that is a phone with this phone number it's a different model but why isn't that enough for the good faith of exception just like in the apartment cases an agent could decide and courts have held it was objectively reasonable that when I have a warrant to search the residence or apartment of a particular person and I find out as I'm doing it that the apartment of that particular person is two rather than three then it's okay I can go ahead and continue the search why is that reasoning wrong for reasons and for reasons why the apartment cases would be good Brian Pimentel are specifically distinguishable first is the text of the warrant in those cases there's some baseline ambiguity in that text about we are searching for residents we're not sure where this person resides within that residence number one number two in both of those cases the fact pattern you have is officer goes to apartment X asks for clarification at that point and says hey we're looking for so-and-so we believe they have some sort of contraband then they apply that information and then they actually conduct the search at the object I know you have two more points but why isn't that the same as here where your client did say this was his putting aside any consent issues which I know are not before us but your client did say yes this is my phone and yes this is the phone number for that phone so why doesn't that translate two reasons and also this is my only phone two reasons first he never he never says it is his only phone he does allude to the fact that he may not have certain phone numbers but as a threshold matter and this goes back to the idea of deterring misconduct and the idea that suppression here is meant to deter something the initial interaction these officers have is we are searching for your phone here is a search warrant that authorizes search of your phone at no point do they say this is a search warrant for an iPhone 6 and part of our argument is that the fact that they do this repeatedly over the course of five minutes is an objective indication of something of this getting close to either reckless or intentional misconduct is only after that fact that then they engage with the client number two and the record is clear the prosecution actually concedes this below at eight eight two three nine which is part of the hearing the prosecution says it's not only the day of the search excuse me the day of the seizure that the officers realize their mistake but it's as soon as they access that phone and they open that phone that they realize a mistake has been made and what is the first thing that someone would do if they were trying to execute the warrant according to the text this line comes in part from Pimentel and the Garrison case well the first objective thing one would do is say wait a minute where is the iPhone 6 that is the actual object of this warrant so what the government is inviting the court to do is much more akin to a subjective reasonableness analysis where once the court considers the totality of objective reasons here the the argument falls apart and there is nothing objectively they can point to that says that these officers were actually looking for the phone that is object of the warrant and I highlight a couple of things from the district court opinion and then as we argue on appeal because this court can consider anything that is apparent from the record there are a couple of reasons on the record that are absolutely clear in terms of the district court it's not only this idea of exigent circumstances which I'll just point out was part of my list of four in Pimentel there are exigent circumstances they're looking for guns and that's part of the reason that this pan or a panel of this court says it may be justified Woodbury does not explicitly use the term exigent circumstances but it's likewise a guns and drug case where they're trying to execute so can I ask you that because as the government has argued the tests that we're applying is whether it was objectively reasonable at the time to conclude that this different phone could be searched given the warrant that was issued how as a legal matter how does the fact that they may have had time to get a new warrant really impact that analysis aren't we just looking at what do you know then and looking at the warrant that you have is that objectively reasonable for you to go ahead and conduct the search of the different phone well I'm just not quite sure how legally that argument fits in do you have any response my sense without putting words into the district courts mouth my sense is that they were getting at this same idea of if the officers are trying to execute a warrant according to the terms of the warrant and then they realize their mistake the district court said the day of we would argue during the interrogation of the objectively reasonable thing to do is to raise some sort of question to ask mr. Gonzalez in the moment of the interrogation if not then for some reason they forgot then tell someone something do some sort of investigation maybe even do the kind of investigation the argument the government raises here about how likely is it that data is transferred from one none of that is in the record but the government is saying that he your client said he had no other phone and you just told us the government says that your client said he had no other phone and you you just told us I don't know that's exactly correct because what is that factual so does iPhone 6 for all we know and this is part this was the government's burden below this was part of the officers responsibility in terms of a good-faith investigation for all we know the iPhone 6 was sitting in mr. Gonzalez at Ochoa's home the records completely silent on this point so have they encountered him and said hey we're looking for your iPhone 6 then it would be a completely different case where he could you're saying the record doesn't actually ever show them saying directly do you have another phone oh no I know that the record does not say that and that's sort of the crux or one of the cruxes of the matter had the good had the officers said mr. Gonzalez where is your iPhone 6 and he would have said oh wait a minute I just updated my phone this one's in my bedroom I'll go get it for you it would be a completely different case but didn't your client give the passcode and the credential for the iPhone 13 to the agent yes he did give the passcode but again at no point do the officers tell him what we are looking for and what this warrant authorizes us to search is an iPhone 13 first of all the consent issue as brother counsel pointed out was not challenged on appeal so the both the magistrate judge and the district from the scope of the warrant that the officers were going beyond that the scope of the warrant to look what you're saying is that when he gave the credentials a password that was involuntary yes well not what I'm saying what the district court found and when the magistrate judge found and what the government didn't challenge on appeal so I think that's that's the law of the case now and that's just unchallenged before this court the only issue here is good faith the court found that it wasn't voluntary does that mean that that we cannot consider the uncontested facts though that he gave his password as part of our good faith analysis the court can consider that fact what what is on challenges that that it was involuntary and that it was not a consensual search I see you know it's still art you know the guards not challenging the voluntariness issue so let's let's but the government still during those interviews he it's get there they're not like pointed on say give me your credentials give me he's provides he could have said I don't want to provide that information he's you know he signs a I believe he signs a correct yes your honor but there's no burden on the defendant here it's the government burden to show good faith and it's not the defendants actions that are at issue when we consider the totality of the circumstances we're assessing it's the objective reasonableness and I'll know that if you look from the government's perspective if he provides a passcode that that's giving access to the phone yes that's what that password is what they eventually use to keep searching yes but if you're giving access to a phone where the police has repeatedly omitted what phone it is they're searching and they've suggested to you that they have a search warrant to have access he was given a copy of the search warrant when he was a monolingual Spanish speaker as he is being rooms were in English right and he was answering some of the questions from the agents with Spanglish okay so not a fluent English speaker I'm sorry your honor that that would be a more accurate information or more accurate description of the record excuse me but I think that the point still stands when these officers are interrogating him they are suggesting that they have through their actions through their objective actions they're suggesting that they have an ability to search this phone they omitted the part of the warrant that actually described it as a warrant for an iPhone 6 crack that's at the record not only do they omit it but they repeatedly omitted it over the course of five minutes when they point to the same warrant three times and say and again this goes back to the misconduct point that sort of is the overarching analysis here what is what what does suppression mean to deter it means to deter this kind of behavior that happens repeatedly that suggests that this is not only reckless but probably deliberate and so not only not only that instance but in the subsequent instance of the officers realizing oh wait a minute we have the wrong phone staying silent waiting days and then conducting a forensic search so if there are no further questions we ask that this court affirm thank you two minutes for rebuttal if you want to remain standing where you are or seated or seated please don't injure all the way down here that not even make it the last 10 feet but I appreciate don't injure yourself further just a few quick points your honors first of all as to the officers reasons you know the the kind of implication that they were trying to trick Gonzalez Orocho there was a finding by the magistrate judge that the actually what happened here is they just didn't realize at the time they were showing him the warrant and describing it to him that they realized at that time they had an iPhone 13 that's a pages 19 to 20 of the government's addendum and I then the as for whether he might have had another phone I'm not claiming the record says that he actually said he had no other phone I'm just claiming there are numerous indications of that like his concern about not having a phone and needing his lawyer's number were pretty good indications that he only had one phone which would suggest that this is the one that has all the data particularly because this was again an investigation focused on a phone number and even if you thought there might be I believe in the process in that case of moving from like one apartment to another and kind of lived in multiple apartments and as in that case where when he was secured by the officers and they presumably showed him the warrant by that point he admitted that the shotguns they were looking for were in the upstairs apartment I think the court can consider what the defendant said here and I believe opposing counsel objected to that neither in that case nor Woodbury which are both cases where the court applied the good-faith exception was there any exigency in both in Pimentel they had all the mobile household members secured in Woodbury there was no the defendant hadn't been alerted they would could have secured the premises once they knew which apartment was correct while they were seeking a warrant and if those cases involve more ambiguous warrants than the warrant here and that's the distinction and that's when we find no Fourth Amendment exceptions the court did in Bonner Moss and Vega Figueroa or we find good faith as the court did in Woodbury and Pimentel then all their rule is going to do is give officers every incentive to put less information in the warrant these officers should be rewarded for doing the best investigation that they could and putting down the information they had thank you thank you council that concludes argument in this case